UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LISA JUST,

                Plaintiff,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                Defendant.

CASE NO. C17-5139-MAT

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL

Plaintiff Lisa Just proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REVERSED and REMANDED for further administrative proceedings.

**<u>FACTS AND PROCEDURAL HISTORY</u>**

Plaintiff was born on XXXX, 1967.[1] She has a high school diploma and additional training

---

[1] Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 1

as a medical assistant, and previously worked as a cashier and customer service representative. (AR 231-32, 237.)

Plaintiff protectively applied for DIB and SSI in February 2013. (AR 209-17, 227.) Those applications were denied initially and upon reconsideration, and Plaintiff timely requested a hearing. (AR 129-44, 147-58, 161-62.)

On March 18, 2015, ALJ Vadim Mozyrsky held a hearing in Portland, Oregon, taking testimony from Plaintiff and a vocational expert. (AR 36-69.) On June 23, 2015, the ALJ issued a decision finding Plaintiff not disabled. (AR 13-30.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on January 12, 2017 (AR 1-8), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## **JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since June 1, 2008, the alleged onset date. (AR 15.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's degenerative disc disease, depression, anxiety, post-traumatic stress disorder, and borderline personality disorder. (AR 15-17.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 17-20.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of performing light work, in that she can lift/carry 20 pounds occasionally and 10 pounds frequently, and sit, stand, or walk for six hours each in an eight-hour workday. She can occasionally perform overhead reaching with both upper extremities. She can occasionally climb ramps or stairs, and crawl. She can never climb ladders, ropes, or scaffolds. She can perform simple, routine, repetitive tasks. She can have no contact with the public as part of her job duties, but incidental contact is not precluded. (AR 20.) With that assessment, the ALJ found Plaintiff unable to perform her past relevant work. (AR 27-28.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. The ALJ found Plaintiff capable of performing the representative occupations of hand packager/inspector, electronics worker, and office worker. (AR 28-29.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in assessing medical opinions and in failing to discuss a lay statement. The Commissioner argues that the ALJ's decision is supported by substantial evidence and that any errors are harmless, and the decision should therefore be affirmed.

### Psychological evaluations

Plaintiff contends that the ALJ's decision does not fully account for two psychological opinions. First, Plaintiff argues that the ALJ's RFC assessment is not entirely consistent with the opinion of consultative examiner Catherine MacLennan, Ph.D. The ALJ did not provide any reasons to discount any portion of Dr. MacLennan's opinion.

Next, Plaintiff argues that the ALJ's reason to discount the DSHS form opinion of David Morgan, Ph.D., is inadequate, because, although the ALJ found that the opinion was based on self-report, Dr. Morgan performed a mental status examination and reviewed records.

1. Legal standards

An ALJ may account for the opinions of a physician by assessing RFC limitations entirely consistent with, but not identical to limitations assessed by the physician. *See Turner v. Comm'r of Social Sec. Admin.*, 613 F.3d 1217, 1222-23 (9th Cir. 2010). An ALJ must explain why the RFC assessment does not fully account for a medical opinion. *See* Social Security Ruling 96-8p, 1996 WL 374184, at *7 (Jul. 2, 1996) ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."). Where not contradicted by another physician, a treating or examining physician's opinion may be rejected only for "'clear and convincing'" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining physician's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id.* at 830-31 (quoting *Murray v.*

*Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

2. <u>Dr. MacLennan</u>

The ALJ references aspects of Dr. MacLennan's consultative examination report in the decision, but does not assign any particular weight to it or provide any reasons to discount any portion of it. (AR 16, 19.) The Commissioner is correct that this treatment is not in itself harmful error, unless the ALJ's RFC assessment is inconsistent with Dr. MacLennan's conclusions. *See* Dkt. 12 at 4-6.

The Court finds at least one inconsistency between Dr. MacLennan's opinion and the ALJ's RFC assessment. First, Dr. MacLennan found that Plaintiff has "marked difficulty with affect dysregulation, extreme and disturbed moods (changing moods dependent on circumstances), chaotic relationships and impulsive choices in relationships and living circumstances." (AR 759-60.) The ALJ did not explicitly discuss this portion of Dr. MacLennan's opinion. Although the Commissioner argues that the mental limitations contained within the RFC assessment are consistent with this portion of Dr. MacLennan's opinion (Dkt. 12 at 5), the ALJ's limits on task complexity and social interaction do not appear to fully capture Dr. MacLennan's concerns regarding Plaintiff's affect and mood concerns.

Second, Dr. MacLennan also referenced Plaintiff's difficulties with understanding, memory, sustained concentration, pace, and persistence. (AR 760.) She believed Plaintiff "might have difficulty sustaining focused attention long enough to ensure the timely completion of everyday tasks[,]" and "[t]his might impair or interfere [with] her ability to sustain employment on a full-time basis." (*Id.*) The ALJ generally referenced this portion of Dr. MacLennan's opinion, and found that it would support a conclusion that Plaintiff had moderate limitations as to concentration, persistence, and pace (AR 19), but did not explicitly explain how either the RFC

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 5

assessment accounted for these limitations or why they were rejected. On remand, the ALJ shall reconsider Dr. MacLennan's opinion and either credit it, or provide legally sufficient reasons to reject it.

3.  Dr. Morgan

The ALJ credited Dr. Morgan's opinions regarding Plaintiff's mild and moderate limitations as "consistent with the evidence," but rejected the remainder of his checkbox limitations as "based on the claimant's self-reports and based only on his brief interview with the claimant." (AR 25.)

The ALJ's reasoning overlooks that Dr. Morgan reported reviewing Plaintiff's medical and mental health records (AR 789), and that he also performed a mental status examination (AR 792-93), in contradiction to the ALJ's finding that Dr. Morgan's opinion was based solely on a brief interview. The Commissioner notes that most of Dr. Morgan's objective findings were normal and Dr. Morgan did not explain the basis for his conclusions (Dkt. 12 at 4), which may be true, but the ALJ did not cite this reasoning as grounds for discounting Dr. Morgan's opinion. On remand, the ALJ shall reconsider Dr. Morgan's opinion.

### Lay evidence

The Commissioner concedes that the ALJ did not address Plaintiff's daughter's written statement describing her mother's limitations. Dkt. 12 at 6-7. Because this case must be remanded to allow the ALJ to reconsider medical opinions, the ALJ is also directed to explicitly discuss the lay statement (AR 294) on remand.

/ / /

/ / /

/ / /

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 6

## CONCLUSION

For the reasons set forth above, this matter is REVERSED and REMANDED for further administrative proceedings.

DATED this 30th day of August, 2017.

Mary Alice Theiler
United States Magistrate Judge